Adolfo Z. **ZAMORA**, Appellant,

v.

**PEOPLE OF the TERRITORY OF GUAM**, Appellee.

No. 22307.

United States Court of Appeals Ninth Circuit.

May 2, 1968.

Finton J. Phelan, Jr. (argued), Ramon V. Diaz, Agana, Guam, for appellant.

Olen W. Burnett (argued), Deputy Atty. Gen., Paul J. Abbate, Deputy Atty. Gen., Harold W. Burnett, Atty. Gen., John P. Raker, Island Attorney, Agana, Guam, for appellee.

Before CHAMBERS, BARNES and HAMLIN, Circuit Judges.

CHAMBERS, Circuit Judge:

At his trial for robbery, the victim (Hill) had no trouble identifying Zamora as one of his assailants. But we know from United States v. Wade, 388 U.S. 218, 87 S.Ct. 1926, 18 L.Ed.2d 1149, that sometimes a witness may not be permitted to identify another in court if the witness first began his finger pointing at a police line-up where the defendant was commingled with other prisoners—if the defendant was not given certain safeguards.

Zamora was in prison (which often serves as the jail) in Guam awaiting trial on a murder charge. An Agana lawyer, David Shapiro, was his lawyer. Zamora has testified that he received word that he was to go into a line-up, that he sent for Shapiro and Shapiro made a prompt appearance and was present throughout.

But, says Zamora, he and Shapiro thought the line-up was to be in connection with the murder charge. But on Shapiro's arrival, he and Zamora discovered the line-up was arranged for the viewing by a robbery victim, one Hill. No one was yet charged with the robbery. Zamora says the line-up not being about the murder case, Shapiro was about to leave the scene, but another lawyer, J. C. Arriola,* was present and persuaded Shapiro to remain.

* J. C. Arriola, in addition to practicing law, is speaker of the Guam Legislature.

Shortly after the line-up, Zamora was charged with the robbery of Hill, and Ramon V. Diaz was appointed to represent him. At Zamora's trial for robbery, wherein he was convicted, it is contended then and is contended now that Zamora was not protected by having his robbery case lawyer (not yet appointed because not yet charged) there. He just had his murder case lawyer present. (At the murder trial which occurred before the robbery trial, but after the line-up, Zamora received a directed verdict of acquittal.)

At the robbery trial (with the jury excluded) the district court explored rather fully the circumstances of the line-up, although no one called Shapiro or Arriola.

 We do not believe that Wade always requires the presence of a lawyer with certificate in hand in the given case. Underlying the Wade case is a philosophy that the line-up should not be exclusively a police function and that the defendant ought to have some protection at it and eyes there representing him. We do not assume that when Shapiro remained, he didn't do what was required of a lawyer representing Zamora. We decline to reverse on the ground that Shapiro, Zamora's lawyer in another case, was wearing the wrong legal hat at the line-up.

On this appeal, Zamora claims that it was error to let jurors into the box that had been on his prior murder trial panel. (The murder trial was after the robbery line-up.) The record is barren of any showing of how much overlapping there was of jurors called for the two Zamora cases and of how many jurors sat in both cases. In his brief, counsel says four jurors sat in both cases, but that is outside the record. At the beginning of the trial, attorney Diaz made a general objection to any "repeat" jurors. The trial judge announced that defense counsel could explore the matter of prejudice with any juror. The record gives no indication that this was done.

The record indicates able handling by Zamora's counsel of the line-up issue, of the alibi testimony (which obviously the jury rejected) and the questioning of witnesses. We can only conclude that counsel made a deliberate choice of trial tactics. Now, as he is required to do, he must look for anything that might offer hope of reversal. Any point in this field of duplicate jurors was waived by not pursuing it.

We simply cannot agree with counsel that there was not sufficient evidence for the jury to find Zamora guilty of robbery beyond a reasonable doubt.

The judgment of conviction is affirmed.